UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20071-CR-LENARD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**LAURENCE ISAACSON,**

    Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Laurence Isaacson's Motion to Unseal Documents with Incorporated Memorandum of Law (DE# 1202, 5/16/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Laurence Isaacson's Motion to Unseal Documents with Incorporated Memorandum of Law is **GRANTED in part and DENIED in part**. The government shall file the following unsealed portions of defendant Milton Barbarosh's sentencing transcript (DE# 1104, 9/19/11): page 3, line 3 through line 16 and page 6, line 2 through page 8.

On May 16, 2012, defendant Laurence Isaacson filed Laurence Isaacson's Motion to Unseal Documents with Incorporated Memorandum of Law (DE# 1202, 5/16/12). On June 4, 2012, the government filed its response. See Government's Response to Laurence Isaacson's Motion to Unseal Documents (DE# 1204, 6/4/12). On June 13, 2012, the defendant filed his reply. See Laurence Isaacson's Corrected Memorandum in Reply to the Government's Response in Opposition to the Motion to

Unseal Documents (DE# 1208, 6/13/12). On July 13, 2012, the defendant also filed the grand jury testimony of FBI Agent Anne Marie Eddy as Exhibit 1 to his reply. See Laurence Isaacson's Notice of Filing Exhibit 1 to the Government's Response in Opposition to the Motion to Unseal Documents (DE# 1210, 7/13/12).

On July 16, 2012, the undersigned issued an order requiring the government to provide its position on the unsealing of defendant Barbarosh's sentencing transcript. See Order (DE# 1219, 7/16/12). On July 26, 2012, the government filed its response to the Court's Order. See Government's Response to Magistrate Judge O'Sullivan's Order Re Unsealing of Transcript (DE# 1224, 7/26/12). On July 30, 2012, the defendant filed his reply. See Isaacson's Short Reply to the Government's Response Regarding Unsealing Pages in the Barbarosh Sentencing Transcript (DE# 1227, 7/30/12). This matter is ripe for consideration.

The defendant seeks to unseal docket entries 594 and 595 on the ground that "if [those documents] pertain to Mr. Barbarosh and his decision to enter a guilty plea, or in any way have information that should have been disclosed to the defense, whether for impeachment or cross examination, or any other purpose that they should be unsealed and provided to the defense at this time to determine whether and how they may be used for appellate purposes." Laurence Isaacson's Motion to Unseal Documents with Incorporated Memorandum of Law (DE# 1202 at 1-2, 5/16/12). The undersigned has reviewed docket entries 594 and 595 and notes that these documents do not pertain to defendants Isaacson or Barbarosh.[1] Accordingly, the defendant's request to unseal

---

[1] In his reply, the defendant states that if docket entries 594 and 595 "pertain to a defendant other than Isaacson or Barbarosh, and or third parties such as a defendant's

docket entries 594 and 595 is DENIED.

The defendant further seeks to unseal the sealed portion of the Barbarosh sentencing transcript with names or other sensitive, confidential information redacted from the transcript. See Isaacson's Short Reply to the Government's Response Regarding Unsealing Pages in the Barbarosh Sentencing Transcript (DE# 1227 at 2, 7/30/12). The government has agreed to unseal page 3, line 3 through line 16 and page 6 line 2 through page 8 of defendant Barbarosh's sentencing transcript. See Government's Response to Magistrate Judge O'Sullivan's Order Re Unsealing of Transcript (DE# 1224 at 1, 7/26/12). All other portions of the sentencing transcript are not relevant to Isaacson's defenses and will remain sealed. As such, the defendant's request to unseal the sentencing transcript of co-defendant Barbarosh is GRANTED in part and DENIED in part.

The defendant also seeks to unseal the grand jury testimony of FBI Special Agent Chanin Waterman. See  Laurence Isaacson's Motion to Unseal Documents with Incorporated Memorandum of Law (DE# 1202 at 3, 5/16/12).[2]  Special Agent Waterman did not testify at the defendant's trial. The Eleventh Circuit requires parties seeking disclosure of grand jury material in conjunction with another judicial proceeding to show:

---

wife or ex-wife, then we do not need to see them." Laurence Isaacson's Corrected Memorandum in Reply to the Government's Response in Opposition to the Motion to Unseal Documents (DE# 1208 at 7, 6/13/12).

[2]The parties dispute whether the request to unseal the grand jury testimony is timely and whether the defendant's argument is mooted by United States v. Mechanik, 106 S. Ct. 938 (1986). The Court does not need to resolve these issues because the defendant has not met his burden under United States v. Aisenberg, 358 F.3d 1327 (11th Cir. 2004).

(1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding;" (2) "that the need for disclosure is greater than the need for continued secrecy" and (3) "that their request is structured to cover only material so needed." United States v. Aisenberg, 358 F.3d 1327, 1348 (11th Cir. 2004). "[T]he burden of demonstrating that the need for disclosure outweighs the need for, and public interest in, secrecy rests upon the private party seeking disclosure . . . [i]n order to carry this burden, the party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure." Id. (citations omitted). Here, the defendant's speculative and unsubstantiated allegations of particularized and compelling need are not sufficient to order the disclosure of Special Agent Waterman's grand jury testimony. Accordingly, the defendant's request to unseal Special Agent Waterman's grand jury testimony is DENIED.

    DONE AND ORDERED in Chambers, at Miami, Florida, this **28th** day of August, 2012.

                                                            JOHN J. O'SULLIVAN
                                                            UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record